## WALKER v STATE

Ohio Appeals, 9th Dist, Summit Co
No 1848. Decided Oct 2, 1930

Robert I. Azar and O. L. Dally, both of Akron, for Walker.

D. D. Isham, Prosecuting Attorney, and Geo. R. Hargreaves, Asst. Pros. Atty, both of Akron, for State.

**WASHBURN, J.**

We find that the admission of this testimony was error. The defendant was under arrest and the circumstances and surroundings were not such as naturally or reasonably to call for some action or reply on the part of one in his situation—the better rule being that ordinarily one who is under arrest and so circumstanced that he is not free to act voluntarily, cannot legally be regarded as called upon to reply to the statements, in his presence, of one person to another touching his alleged guilt, and therefore his silence is not evidence of an admission of the crime charged or even a circumstance of conduct on his part that the jury is entitled to consider in determining his guilt or innocence.

**Geiger v. State, 70 Oh St 400.**

Under the circumstances shown by the record in this case, said error was clearly not prejudicial, and the defendant was not deprived of any substantial right.

In the first place, the trial judge told the jury that said evidence should be considered with care and caution and with proper consideration of all of the circumstances and conditions then existing and surrounding the defendant, and that if it did not appear that the defendant heard the question and observed the movement of any reply thereto, the evidence should not be considered for any purpose. In the second place, when the shot that killed the policeman was fired, there were three other policemen who were within a few feet of the defendant, and two of them testified to having seen the defendant fire the shot, and they all testified that immediately after the shot was fired the defendant ran a few feet to a position behind the automobile and fired several shots at the other policemen who were on the other side of the automobile and that the policemen fired three shots at the defendant, two of which took effect.

There was no one else in the vicinity who did any shooting, and it seems to us that there is no possibility of the officers being mistaken. The evidence establishes the guilt of the defendant not only beyond a reasonable doubt, but beyond the possibility of a doubt. Under such circumstances the testimony that was erroneously admitted, to the effect that the defendant said nothing when he was in the presence of the injured policeman, could not have had any influence upon the jury; it was merely cumulative evidence and evidence of very questionable probative value, and we are clearly of the opinion that it did not affect the verdict in this case.

As has been said, the other claims of error have been carefully considered, and what we have said indicates our conclusion upon the question of the weight of the evidence .

In our judgment the defendant had a fair trial, free from any prejudicial error, and we fully concur in the finding by the jury that the defendant was guilty and that he was not entitled to a recommendation of mercy.

Funk, PJ, and Pardee, J, concur.