## MASSA v STATE
## McCARTNEY v STATE
## SITES v STATE

Ohio Appeals, 3rd Dist, Crawford Co

Decided Dec 30, 1930

Edward J. Myers, Bucyrus, for Massa.
George W. Coble, Bucyrus, for McCartney.
Matt J. Mossbacher, Findlay, for Sites.
J. D. Sears, Bucyrus, for State.

RICHARDS, J. (6th Dist) sitting in place of CROW, J.

JUSTICE, J.

The foregoing brief review of the facts of these cases, shows how unwarranted the claim of error that the verdicts are not sustained by sufficient evidence, is. Unquestionably, the verdicts are supported by the degree of proof which the law requires.

It will be observed that the plaintiffs in error are charged in the indictment, with having killed Ralph Wilcox on June 27, 1930, and that the proof shows that Ralph Wilcox died on August 3, 1930. On account of the variance, counsel for plaintiffs in error insist that their motions for directed verdicts for plaintiffs in error at the close of all the evidence, should have been sustained, and that the refusal of the trial court to so direct, constitutes reversible error. With this contention we are not in accord, for the reason that time is not of the essence of the offense.

Section 13437-7 GC, as far as pertinent, provides: "An indictment * * * shall not be invalid and the trial, judgment or other proceedings * * affected * * * for omissions to state the time at which the offense was committed, in a case in which time is not of the essence of the offense or for stating the time imperfectly. * * *" Furthermore, counsel for plaintiffs in error, prior to the trials, obtained from the prosecuting attorney, bills of particulars, in which counsel were advised that Ralph Wilcox had died about one month after the shooting. No prejudice to the plaintiffs in error, therefore, appears by reason of the variance, and hence no reversible error exists. 13449-5

GC.

As to the contention of counsel for plaintiffs in error that by reason of the variance, certain constitutional and statutory rights of their clients have been violated, it is enough to say that the records do not sustain such a contention.

Counsel for plaintiffs in error further insist that their motions for directed verdicts should have been sustained for the reason that the State of Ohio had failed to prove that their clients had the capacity to commit the crime charged in the indictment. With this contention we do not agree.

It is true that the State did not prove the age of either Massa or McCartney, but the records are replete with references to them as "men." A man is an adult male of the human kind. Furthermore, Massa and McCartney, when arraigned, entered pleas of not guilty, were present at their trials and were seen by the jury. They heard themselves spoken of as "men" and neither they nor their counsel challenged the use of that word. Surely, in the light of these records, no one could seriously contend that Massa or McCartney were either children under seven years of age or boys not over fourteen years of age and hence incapable, or at least prima facie presumably incapable, of committing crime. As heretofore stated, they were spoken of as men, and a man is one who has attained full growth, has passed the age of puberty, has reached his legal majority and has come to years of discretion. That word is clearly distinguishable from the words "woman", "boy" and "youth."

Inasmuch as Sites took the witness stand in the trial of his case and stated that he was twenty-eight years of age, this claim of error is not urged by his counsel.

The trial court, over the objections and exceptions of counsel for plaintiffs in error, admitted in evidence a certain gun; also the testimony of Russell L. Sanner to the effect that his house had been burglarized and a certain pistol stolen; the testimony of Mrs. F. C. Jeffers that she had seen Massa in the Sanner house at night; and the testimony of the prosecutor of Richland county, and others, as to what Wilcox said to Massa and as to Massa's conduct and demeanor when confronted by Wilcox at the hospital. The trial court also struck from the records, certain testimony of Mrs. Ralph Wilcox to the effect that her husband had a gun at the time of the shooting and that he had shot at the robbers during the attempted holdup. Counsel for plain-

tiffs in error insist that the trial court erred in admitting and excluding this evidence.

The record discloses that Massa admitted that he shot Wilcox. Hence, the rule of law enounced in **Walker v. State,** reported in **8 Abs. 657,** and in the advance sheet thereof under date of November 1, 1930, has no application here.

As to the gun, McCartney admitted that he owned it, and he and Sites both had had it in their possession at the time of their arrest on July 5, 1930. Massa admitted in his confession that he had stolen the German Luger automatic from a house on Highland Avenue. Manifestly, the rulings of the trial court, even if in some instances erroneous, did not prejudice the plaintiffs in error or prevent them from having a fair trial.

The claim of counsel for Sites that his confession was not given voluntarily, is not borne out by the evidence. Hence, this claim of error we find and hold to be not well taken.

The trial court, in part, instructed the jury as follows:

"Should your verdict be that the denfendant is guilty of murder in the first degree, you have a right to recommend mercy provided you see fit to do so. The statute provides that one who is guilty of murder in the first degree shall be punished by death unless the jury trying the case recommends mercy, in which case, the punishment shall be imprisonment in the penitentiary during life. The effect of such recommendation by you will be to transform the penalty of death, which follows a conviction of murder in the first degree without recommendation of mercy, to imprisonment for life, with the further provision, however, that he shall not be recommended for pardon, or parole, except upon proof of innocence established beyond a reasonable doubt, but this provision does not take away from the Governor of the State his constitutional power to pardon."

It is contended by counsel for plaintiffs in error that by so charging, the trial court lodged within the minds of the jurors, the thought or idea that if mercy was extended, the Governor of the State might some day pardon the plaintiffs in error, and that in order to prevent such happenings, the jurors, although they might have felt differently had they not been so instructed, refused to recommend mercy. This contention is obviously without merit. Every person is presumed to know the law, and all that the trial court did, was to charge the law. Furthermore, by the overwhelming weight of the evidence, the plaintiffs in error planned a robbery and while attempting to consummate it, shot Ralph Wilcox down at a time when he was lawfully defending himself and his master's property. Obviously, Massa, McCartney and Sites did not show Wilcox any mercy, and after a most careful reading of the records in these cases, we fail to find any evidence therein tending to show any reason why the jurors should have recommended mercy for them.

All other assignments of error have been carefully examined and found to be without merit.

Holding these views, it follows that the judgments of the court of common pleas now under review, should be affirmed.

Pendleton, PJ, and Richards, J, concur.